# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JACQUELINE BROWN, | DOCKET NUMBER |
|       Appellant, | SF-1221-22-0006-W-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: April 30, 2024 |
|       Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony Rogers, Esquire, San Antonio, Texas, for the appellant.

Kathryn Price, El Segundo, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal on the basis of res judicata. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the basis for res judicata, we AFFIRM the initial decision.

The appellant's arguments do not provide a basis to disturb the initial decision.

In her petition, the appellant alleges bias on part of the administrative judge, largely because of agency-favorable rulings and factual findings that he made in her prior Board IRA appeals. Petition for Review (PFR) File, Tab 1 at 6-8. The appellant also asserts that she has reviewed other cases handled by the administrative judge, which purportedly show "deep-rooted favoritism towards agencies."[2] PFR File, Tab 4 at 5-6. The Board consistently has held that, in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999). This presumption can be overcome only by a substantial showing of personal bias. *Williams v. U.S. Postal Service*,

---

[2] To support this assertion, the appellant provides additional documents, i.e., documents that she received following the issuance of the initial decision in response to a Freedom of Information Act request that she filed with the Board. PFR File, Tab 4 at 8-10. These documents, which pertain to the administrative judge's adjudication of IRA appeals, are not material to the outcome of this matter. *Id.*; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

87 M.S.P.R. 313, ¶ 12 (2000). Here, the record is devoid of any indication of personal bias; thus, the appellant's assertions are unavailing.

The appellant contends that the administrative judge abused his authority. PFR File, Tab 1 at 6-7. The appellant's claims in this regard, however, seemingly pertain to evidentiary rulings made by the administrative judge in prior Board appeals for which a final decision has already been issued; thus, they are not material to the outcome of this matter. *Id.* To the extent the appellant contends that these rulings support her claim of bias, we find her contention unavailing. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (stating that the Board will not infer bias based on an administrative judge's case-related rulings).

The appellant challenges the administrative judge's denial of her request that he recuse himself from this matter. PFR File, Tab 1 at 6-7; Initial Appeal File (IAF), Tab 9 at 13-14, Tab 17 at 1. We discern no basis to disturb the administrative judge's denial order; indeed, as set forth therein, the appellant's request failed to comport with 5 C.F.R. § 1201.42, which required her (1) to file her request as soon as she had reason to believe that there was a basis for disqualification and (2) to provide the reasons for her recusal request in an affidavit or sworn statement under 28 U.S.C. § 1746. IAF, Tab 17 at 1; *see* 5 C.F.R. § 1201.42(b). Moreover, the appellant did not seek interlocutory review of the administrative judge's denial of her request. *See* 5 C.F.R. § 1201.42(c) (stating that, if an administrative judge denies a request for withdrawal, the party seeking withdrawal may request certification of the issue to the Board as an interlocutory appeal and that failure to request certification is considered a waiver of the withdrawal request). Thus, the appellant's challenge is unavailing.

<u>We modify the initial decision to clarify the basis for res judicata.</u>

Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337

(1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if (1) the prior judgment was rendered by a forum with competent jurisdiction, (2) the prior judgment was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* For res judicata purposes, a cause of action is the set of facts that gives an appellant the right to seek relief from an agency. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 25 (2016).

Here, we agree with the administrative judge's conclusion that the instant appeal is barred by res judicata; however, we take this opportunity to clarify the basis for this conclusion. IAF, Tab 26, Initial Decision at 33. In the instant appeal, the appellant has not raised any personnel actions that she could not have raised in a prior Board IRA appeal for which a final judgment on the merits has already been issued. *See Peartree*, 66 M.S.P.R. at 337 (explaining that res judicata precludes parties from relitigating issues that were, *or could have been*, raised in the prior action). Indeed, the appellant had previously exhausted all of the personnel actions at issue with the Office of Special Counsel; however, she elected to challenge only one of these actions in her prior Board appeal. *Brown v. Department of the Air Force*, MSPB Docket No. SF-1221-19-0481-W-1, Initial Appeal File, Tab 1 at 19-35, Tab 18 at 7; IAF, Tab 9 at 20. She may not now reexhaust these personnel actions and attempt to litigate them under new legal theories. *See Inman v. Department of Veterans Affairs*, 115 M.S.P.R. 41, ¶ 15 (2010) (identifying personnel actions as the "cause of action" for purposes of applying res judicata to an IRA appeal); *see also Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶¶ 7-8 (2002) (explaining that res judicata bars an appellant from challenging a cause of action under a new legal theory). Thus, although we agree that this appeal should be dismissed on the basis of res judicata, we clarify the reason therefor.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    Gina K. Grippando
                           _____
                           Gina K. Grippando
                           Clerk of the Board

Washington, D.C.